IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TERESA J.,[1]

                Plaintiff,                      No. 3:17-cv-1453-SU

                                                ORDER

     v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.


HERNÁNDEZ, District Judge:

Magistrate Judge Sullivan issued a Findings and Recommendation [17] on August 13, 2018, in which she recommends the Court reverse the Commissioner's decision and remand for further administrative proceedings. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl.'s Obj., ECF 19. Plaintiff objects to Judge Sullivan's recommendation that the Court remand

---

[1]  In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

the case for further administrative proceedings. Judge Sullivan concluded, and Defendant agreed, that "[t]he record contains evidence that could support or contradict a finding of onset before age twenty-two." F&R at 9. In support, Judge Sullivan noted that "although plaintiff dropped out of school after the eighth grade due to long-lasting difficulties with school, and is illiterate, plaintiff also never received special education classes." *Id.* Plaintiff argues, in response, that the "record is fully developed and directs a finding that Plaintiff's low intellectual capacity is a life-long impairment that manifested in deficits in adaptive functioning prior to age 22." Pl.'s Obj. at 1. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Listing 12.05C has three requirements. One requirement is a "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpt. P, App'x 1 § 12.05(c). "The purpose of the introductory paragraph of the Listing is to limit coverage to an innate condition, rather than a condition resulting from a disease or accident in adulthood.'" *McGrew v. Colvin*, No. 3:13-cv-01909-SI, 2015 WL 1393291, at *5 (D. Or. Mar. 25, 2015) (quoting *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010)). Thus, the introductory paragraph requires only "that deficits in adaptive functioning exist, not evidence that a claimant has no adaptive functioning skills." *Id.* at *7. In other words, the introductory paragraph does not inquire into the severity of the deficits in adaptive functioning. *Id.* at *5.

To show the existence of deficits in adaptive functioning, "[a] claimant may use circumstantial evidence . . . such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1011–12 (D. Or. 2011) (quoting *Campbell v. Astrue*, No. 1:09–CV–00465GSA, 2011 WL 444783, *17 (E.D. Cal. Feb. 8, 2011)). This district has repeatedly reaffirmed this use of circumstantial evidence. *See Clayton L. v. Commissioner*, 2018 WL 3090197 (D. Or. June 21, 2018) (the court remanded for an immediate award of benefits where plaintiff reported difficulties in concentration, memory, and learning new tasks; could read and do math at a middle school level; was enrolled in special education classes starting in the seventh grade; did course work at various community colleges but did not graduate because it was too difficult; failed many classes; and worked in mostly unskilled positions but also obtained a nurse's assistant certification through a job corps program); *Neiss v. Berryhill*, 2018 WL 1609262 (D. Or. Apr. 2, 2018) (the court remanded for an immediate award of benefits where plaintiff was enrolled in special education classes for most of her life and held back in the eighth grade; never got her driver's license because she repeatedly failed the written test; and had a history of low-skilled and sporadic work). While a plaintiff may use enrollment in special education classes to show that his or her adaptive functioning deficits onset before the age of twenty-two, such enrollment is not necessary to a court's analysis.

Here, Plaintiff has demonstrated through circumstantial evidence that her adaptive functioning deficits onset before the age of twenty-two. Plaintiff reported dropping out of school after the eighth grade because she was uncomfortable around people and did not know how to read or write. Tr. 246. Plaintiff never obtained her GED, tr. 47, and there is no indication she attempted any coursework at a community college. She reported attempting a computer class

through the JOBS program at DHS but found it too difficult. Tr. 246. In 2013, testing determined she read at a preschool level, wrote at a first-grade level, and needed assistance with all paperwork. Tr. 249–50. Plaintiff's work history is not only unskilled, but almost nonexistent: she reported one job from 1999 where she worked as a caregiver for a relative for $3,018 per year. Tr. 27, 173, 188, 246, 383. Thus, although Plaintiff was never enrolled in special education classes, she has provided sufficient circumstantial evidence to demonstrate that her adaptive functioning deficits onset before the age of twenty-two. The record has been fully developed.

District courts have discretion under 42 U.S.C. § 405(g) to remand for further administrative proceedings or to order immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). Ordinarily, except in rare circumstances, remand for further proceedings is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). Where further proceedings would serve no useful purpose, however, a court has discretion to remand for immediate payment of benefits. *Id.*; *Harman*, 211 F.3d at 1179 ("[T]he decision whether to remand for further proceedings turns upon the likely utility of such proceedings.").

In this case, the ALJ erred by concluding that Plaintiff was not disabled at step three for meeting the requirements of Listing 12.05C. The record is fully developed on this issue and the evidence demonstrates that Plaintiff meets Listing 12.05C and is therefore "presumed disabled, and no further inquiry is necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991). Remand for additional proceedings would serve no purpose and "would needlessly delay effectuating the primary purpose of the Social Security Act," which is "to give financial assistance to disabled persons. . . ." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Accordingly, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

The Court has also reviewed the pertinent portions of the record *de novo* and finds no additional error in the Magistrate Judge's Findings and Recommendation.

CONCLUSION

The Court adopts in part Magistrate Judge Sullivan's Findings and Recommendation [17]. The Commissioner's decision is reversed and remanded for an immediate award of benefits.

IT IS SO ORDERED.

DATED this ___9___ day of ___Dec_____, 2018.

MARCO A. HERNANDEZ
United States District Judge